FOSTER v. GLOVER.

1. TRUST DEED—TRUST.—A trust deed conveyed certain lands to "F., trustee, his heirs and assigns forever, in trust for the sole and separate use of Mrs. Sarah A. Foster and her children. And my son, George W. Foster, is requested and desired to reside on the premises during his lifetime, or as long as it may suit his pleasure or convenience." *Held*, that George W. has no right of possession during his life.

2. IBID.—IBID.—REV. STAT., 2089.—Under this deed, the trust is simply a dry, passive one, and under Rev. Stat., 2089, the estate immediately vested in the *cestuis que trustent*.

3. TRUST DEED—FEE OF CESTUI QUE TRUST.—Where a deed conveys to a

trustee a dry or passive trust in *fee*, the *cestuis que trustent* take the land in *fee*.

4. IBID.—IBID.—In this State the rule is to look into the trust deed for the intention of the grantor; and in this deed it was the intention of the grantor to give the beneficiaries a fee in the lands.

5. IBID.—Under this deed the wife and her four children took each a one-fifth interest.

6. IBID.—Under this deed, the wife being dead, G. W. Foster, sr., is entitled to one-fifteenth of the land, and each child to seven-thirtieths.

7. ATTORNEY'S FEES.—In this case there is no authority for including attorney's fees for collection in the amount due on the Turner bond and mortgage.

Before WATTS, J., Aiken, August 3, 1895.    Modified.

Action by Wm. H. Foster against Mrs. M. M. Glover, George W. Foster, jr., Mary E. Foster, Geo. W. Foster, sr., G. K. Chafee, as receiver of the Aiken County Loan and Savings Bank, and B. F. Turner, for the partition of certain lands in Aiken County. The plaintiff and all the defendants, except the last two, who hold mortgages over interests of certain defendants, are the heirs at law of Sarah A. Foster, and the plaintiff alleges that the lands in question pass to them under the following trust deed:

South Carolina, Edgefield County. Know all men by these presents, that I, William Foster, of the county and State aforesaid, for, and in consideration of, the natural love and affection which I have for my son, George W. Foster, and his family, and for the sum of fifty dollars in hand paid by me by William H. Foster, hereby constituted trustee for his mother, Mrs. Sarah A. Foster, and her children, the receipt of which is hereby acknowledged, have bargained, sold, and released, and by the presents do bargain, sell, and release, and convey unto the said William H. Foster, trustee as aforesaid, his heirs and assigns forever, all that tract of land, containing 278 acres, more or less, situate and lying in Beech Island, and county and State aforesaid, and bounded on the north by lands of Christopher Glover, on the east by lands of the estate of Whit Glover, deceased, on the south by lands of Thomas S. Price, and

on the west by lands of Ulysses Wilson and Caroline Glover.
Together with all and singular, the rights, members, here-
ditaments, and appurtenances to the same belonging.    To
have and to hold the premises above mentioned unto the
said William H. Foster, trustee, his heirs and assigns for-
ever, nevertheless, in trust for the sole and separate use of
Mrs. Sarah A. Foster and her children.    And my son, George
W. Foster, is requested and desired to reside on the said
premises during his lifetime, or as long as it may suit his
pleasure or convenience.    And I hereby bind myself, my
heirs, executors, and administrators, to warrant and forever
defend all and singular the said premises unto the said
William H. Foster, trustee, his heirs and assigns, against
myself and my heirs, and against all' others lawfully claim-
ing or to claim the same.    And the aforesaid William H.
Foster doth hereby signify his acceptance of this trust, and
doth hereby covenant and agree, faithfully to discharge and
execute the same, according to the true intent and meaning
of these presents.    In witness whereof, I hereunto set my
hand and seal, this 28th day of March, A. D. 1871.    Wm.
Foster, [L. S.]    Signed, sealed, and delivered, in the pres-
ence of Charles Holley, Ulysses Wilson.

The following Circuit decree fully states the facts:
This action was originally brought by the plaintiff
against the defendants, Mrs. M. M. Glover, George W. Fos-
ter, jr., Mary E. Foster, and George W. Foster, sr., for the
purpose of making partition of the tract of land hereinafter
mentioned and fully described in the deed which is set forth
in this decree.    The defendants, Mrs. M. M. Glover, Geo.
W. Foster, jr., Mary E. Foster, and George W. Foster, sr.,
answered jointly, alleging that G. W. Foster, sr., has the
right of possession of the land described in the complaint
during his lifetime or at his will and pleasure, and as he
objects to the sale or division of the property, they deny
the plaintiff's right to have the same partitioned.
G. K. Chafee, as receiver of the Aiken County Loan and

Savings Bank, and B. F. Turner, intervened, and were accordingly both made parties defendants, and they both have filed answers herein. The first claiming a mortgage debt against the plaintiff, and the latter claiming a mortgage debt against the defendants, Geo. W. Foster, jr., and George W. Foster, sr. The case was referred to W. M. Jordan, Esq., master for the county of Aiken, to take the testimony, and report the same to the Court. The master has filed his report, together with the testimony, and it appears therefrom that William Foster, on the 28th day of March, 1871, made his deed to W. H. Foster, the plaintiff, upon certain trusts as contained in said deed, which said deed reads as follows: [See exhibit "A."] This deed is properly probated, has a United States fifty cents stamp upon it, and was recorded at Edgefield on 2d day of May, 1871. It further appears, that William Foster, the grandfather, was the father of G. W. Foster, sr.; that Sarah A. Foster was the wife of G. W. Foster, sr.; and the plaintiff and the defendants, Mrs. M. M. Glover, G. W. Foster, jr., and Mary E. Foster, are the children of G. W. Foster, sr., and Sarah A. Foster, his wife, and, therefore, the grand-children of the grantor.

It also appears that G. W. Foster, sr., resided with his family upon the premises for a number of years; his wife is now dead; the married daughter, Mrs. M. M. Glover, and the sons, W. H. Foster, the plaintiff, and G. W. Foster, jr., have moved off the place, but the father and single daughter, Mary E. Foster, continued to reside upon the premises.

The evidence shows that the plaintiff, on the second day of May, 1893, made his note to the Aiken County Loan and Savings Bank for the sum of $58, falling due on the first day of November, 1892, with interest after maturity at the rate of eight per cent. per annum, and ten per cent. on the amount due to be added as attorney's fees for collection. That said note is secured by a mortgage of the plaintiff to said Aiken County Loan and Savings Bank, executed on the same day that his note was given, and the mortgage

covers the interest of the plaintiff in the land in question. That the Aiken County Loan and Savings Bank has been placed in the hands of G. K. Chafee, as receiver, and as such he is the lawful owner of said note and mortgage, and there is now due him upon the same the sum of $72.40. It also appears, from the evidence, that G. W. Foster, jr., on the 30th day of July, 1894, made his note to the defendant, B. F. Turner, for the sum of $700, with interest from date thereof at the rate of eight per cent. per annum, with ten per cent. to be added as counsel fees for collection, which said note becomes due on the 30th day of July, 1895. This note is secured by a mortgage executed to B. F. Turner by G. W. Foster, jr., on the same day that the note was given, and it covers his interest (that is, the interest of G. W. Foster, jr., in the land included in the deed above mentioned). The mortgage is also executed by G. W. Foster, sr., and it, therefore, covers any interest which he may have in the same premises. There will be due upon this last note and mortgage on the 30th day of July, 1895, the sum of $756, besides counsel fees, which amount to $75.60, in all amounting to to $831.60. The facts as above stated are not controverted, and I so find them from the evidence. The rights of the parties hereto depend entirely upon the construction of the trust deed. I have given the same careful consideration, and conclude, as matter of law, as follows:

1. That there are no active duties imposed upon the trustee under this deed; it is simply a dry trust, and, under the statute of uses, being sections 2089 and 2090 of the Revised Statutes of this State, the trust was at once executed and the fee vested absolutely in the parties entitled to the use. The statutes of uses has been repeatedly construed by our courts, and the general doctrine on this point may be briefly stated to be that, where the intention is that the estate shall not be executed in the *cestui que use*, and any object is to be effected by its remaining in the trustee, then it shall not be executed; but, on the other hand, if there is no duty imposed upon the trustee, then the statute

executes the use, and the fee vests in the person entitled to the use. The following authorities sustain this view: *McNish* v. *Guerard*, 4 Strob. Eq., 74; *Porter* v. *Doby*, 2 Rich. Eq., 53; *Harley* v. *Platt*, 6 Rich., 315; *Pierce* v. *McClanaham*, 5 Rich., 178; *Lamar* v. *Simpson*, 1 Rich. Eq., 71; *Faber* v. *Police*, 10 S. C., 376; *Farrow* v. *Farrow*, 12 S. C., 168. *Howard* v. *Henderson*, 18 S. C., 184; *Covar* v. *Cantelou*, 26 S. C., 488; *McNair* v. *Craig*, 36 S. C., 100; *Reeves* v. *Brayton*, 36 S. C., 384; *Weston* v. *Timmons*, 25 S. C., 488.

2. I hold that, under the deed, Sarah A. Foster and her children take the entire estate. That G. W. Foster, sr., has no right or interest in the premises. After granting the entire estate to the use of Sarah A. Foster and her children, the following sentence occurs in the deed: "And my son, G. W. Foster, is requested and desired to reside on the said premises during his lifetime, or as long as it may suit his pleasure or convenience." These words do not give any estate to G. W. Foster, sr.; they simply express a request or desire on the part of the grantor that his son should reside on the premises already granted as long as the son finds it convenient to so reside. These are mere precatory words, and the inclination of the courts of modern times is not to extend the doctrine of recommendatory trust. Chief Justice McIver, in the case of *Rowland* v. *Rowland*, says, 29 S. C., 58: "It is quite true that precatory words may sometimes be sufficient to raise a trust, and some of the earlier decisions went very far in this direction; but, as said by Mr. Justice Story (2 Eq. Jr., sec. 1069), the inclinations of the courts in modern times is not to extend the doctrine of recommendatory trust. And the rule is, that precatory trust or recommendatory words imply discretion, and must be so construed, unless a different sense is irresistibly forced upon them by the context. See, also, what is said by the same eminent writer, in the sections 1070 and 1073, as to the necessity for certainty and definite-

ness in the property to which such a trust is claimed to be attached. To same effect, see Jarm. on Wills, 329, 338.

These views have been fully recognized in this State in the case of *Lesesne* v. *Witte* (5 S. C., 450), where it is said, though the language used may convey the wish or desire of the testator as to the use of the property devised, if it does not impose an obligation which can be enforced in a Court of Equity, it cannot be held to control or qualify the absolute interest which is conferred by the previous disposition. Where an absolute right is given words which are to annex a limitation to its free and uncontrollable exercise, must not only be mandatory but in themselves show the manner in which they are to operate, so that the purpose of the testator may clearly appear how or in what degree he intended to affect the original gift by restrictions entirely inconsistent with its independent enjoyment." See, also, 2 Story Eq. Jur., sec. 1068–70; 2 Minor's Institute, 1082–246; *Harrison, adm'r.*, v. *Harrison*, 2 Grat., 13; *Eaton* v. *Watts*, L. R., 4 Eq., 151; *Bomar* v. *Kinnear*, 2 Giff., 195; *Bernhard* v. *Minshall*, 10 Johnson Chan., 287; *Ellis* v. *Ellis*, 15 Ala., 29; *Whipper* v. *Adams*, 1 Mt., 445; *Alston* v. *Lea*, 6 Jones Eq. (N. C.), 27; *Burt* v. *Heron*, 66 Pa. St., 400.

The recent case of *Arnold* v. *Arnold*, 41 S. C., 298–99, sustains fully the principle above announced. At page 298 the Court says: "Words of advice, recommendation or desire do not create a devise, nor will they operate so as to raise a trust in equity, unless the property is certain, and persons to whom it is given clearly described; and even in that case such words are not in general deemed imperative or legatory, where they are inconsistent with the antecedent rights or interest devised to that person to whom they are addressed; for in such cases the subject matter of the recommendation having been once absolutely devised away, it cannot be presumed that the testator intended to use the subsequent words of the recommendation in a legatory sense, which would be to construe his will as inconsistent with itself in one and the same sentence."

In the Arnold case, the words of the will were, "and I admonish and charge my said grand-children that this gift is made in the hope and upon the trust that they will provide for the parents during their lives." In construing these words, Chief Justice McIver, who delivered the opinion of the Court, says: "It seems to us that these words addressed to the children amount to nothing more than the expression of a wish and hope that the children, after receiving their shares of the property, will provide for their parents, and that they cannot be regarded as creating any charge or affixing any trust in a legal sense upon the property previously devised to the children absolutely in fee simple, under the authority above cited."

It was contended in argument by the counsel for the defendant, G. W. Foster, sr., that Sarah A. Foster and her children took only a life estate in the land embraced in the deed, and that upon her death the fee reverted to G. W. Foster, sr., the only heir at law of the grantor. I cannot accept this view, for, although the word "heir" is not used in the deed in connection with the beneficiary under the deed, it is still a matter of what was the intent of the grantor to be gathered from the construction of the whole deed, and it is very plain to me, in this instance, that the grantor intended that Sarah A. Foster and her children should have an entire absolute estate in fee, without reservation or remainder to any one. The intent of the grantor could not be carried out unless we adopt this construction. In the case of *Fuller* v. *Misroon*, 35 S. C., 329, in passing upon a question precisely the same as that now under consideration, the Court uses the following language: "Mr. Washburn says, at page 40 of the same section, that there are some exceptions to such rule, one of which he states as follows: Another exception is, that the word heir is not always necessary in order to give an equitable estate the character of inheritability, if it requires that such an effect should be given to carry out the clear intention of the party creating it. Thus it is said, if land be given to a man without the word

heirs, and a trust be declared of that estate, and it can be satisfied in no way but by the *cestui que trust* taking an inheritance, it has been construed that a fee passes to him even without the use of the word heirs, citing the cases of *Villiers* v. *Villiers*, 2 Atk., 71, and *Fisher* v. *Fisher*, 10 Johns., 505, in both of which cases deeds, not wills, were being construed. To the same effect is the case of *Bratton* v. *Massey*, 15 S. C., 278.

It, therefore, follows that Sarah A. Foster and her children took an absolute estate in fee under the deed. The share of Sarah A. Foster was one-fifth; upon her death it descended in equal shares to her husband and four children. *McNair* v. *Craig*, 36 S. C., 100. So that the plaintiff and each of the defendant children now own an undivided 6-25 interest in fee in the premises, and the defendant, G. W. Foster, sr., owns an undivided 1-25 interest in the same, and it is accordingly so adjudged.

It is, therefore, ordered, adjudged, and decreed, that the premises described in the complaint be sold by the master for Aiken County on salesday in November, 1895, or on some subsequent salesday thereafter, in front of the court house at Aiken. That the said master do give legal notice of the time, place, and terms of such sale. That the terms of such sale be for one-half cash, balance on a credit of one year from date of sale, to be secured by bond of the purchaser and a mortgage of the premises, with interest from day of sale; but the purchaser be at liberty to pay all cash if he so desires. That the purchaser be let into possession of the premises on complying with the terms of sale and the production of the master's deed. That the master do pay out of the proceeds of the sale all taxes which may be then due, next the expenses of sale and the costs herein, to be taxed by the clerk of this court, and he then divide the balance of the funds arising from the sale as follows, to wit: the 6-25 part to the plaintiff and each of the defendants, G. W. Foster, jr., Mrs. M. M. Glover, and Mary E. Foster, and the 1-25 part to G. W. Foster, sr. That out of

the share going to the plaintiff he do first pay to the defendant, G. K. Chafee, as receiver, or to his attorneys, the sum of seventy-two dollars and forty cents, with interest thereon from the 8th day of July, 1895. That out of the share going to G. W. Foster, jr., and G. W. Foster, sr., he do pay to the defendant, B. F. Turner, or his attorneys, the sum of $831.60, with interest thereon from the 30th day of July, 1895. That if there is any balance left to the plaintiff or said defendants last named, the master do then pay over the same to said parties or their attorneys. That the shares going to the defendants, Mrs. M. M. Glover and Mary E. Foster, be paid to said parties or their attorneys. That if there be not sufficient funds coming to the plaintiff and the defendants, G. W. Foster, jr., and G. W. Foster, sr., to pay the amounts herein decreed against them, then the master specify such deficiency in his report of sale, and the defendant, G. K. Chafee, as receiver as aforesaid, and the defendant, B. F. Turner, have leave to enter up judgment for the respective amounts that may be so reported due them. The premises herein ordered to be sold are fully described in the deed which is set forth in this decree.

The defendants, Mrs. M. M. Glover, Geo. W. Foster, jr., Mary E. Foster, and Geo. W. Foster, sr., except to the decree of his Honor, Judge Watts, and submit that the same should be reversed, upon the following grounds:

I. Because, it is submitted, his Honor erred in decreeing that the plaintiff was entitled to partition in this action, and in holding that the plaintiffs and defendants were entitled to estates in the land, in the proportions as set forth in the decree, in that it is submitted, that under the deed construed in his Honor's decree, the plaintiffs and defendants as in like interest had no absolute estate in the land in question, but were subject to the right of the defendant, George W. Foster, sr., to the possession of the property during his lifetime.

II. That his Honor erred in not dismissing the complaint,

for the reason that the facts of the case and the deed construed by him, taken together, showed that the plaintiff had no right of possession in the property in question, which right of possession was necessary to enable him to be entitled to a decree for partition.

III. That his Honor erred in not decreeing, if he decreed anything as to the quantity of the estate, that the estate of the plaintiff and those in like interest in the land was not an absolute estate but simply went for life to each of the said parties, and that the fee of the land after death of each of the said parties reverted to George W. Foster, sr., the only heir of the original grantor, in the deed to William Foster, sr.

IV. That his Honor erred in not decreeing, even if his decree is right, to George W. Foster, sr., a one-fifteenth interest in the land in question.

V. That his Honor erred in allowing any counsel fees or commissions as against the defendant, George W. Foster, jr., under his mortgage to his codefendant, B. F. Turner.

*Messrs. Henderson Bros.*, for appellants.

*Messrs. Folk & Folk*, for plaintiffs; *Messrs. Croft & Chafee*, for defendant Chafee; *Mr. M. B. Woodward*, for defendant Turner, contra.

April 10, 1896. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff seeks partition of a tract of land lying in Beech Island, Aiken County, basing his right therefor on a deed of trust, executed March 28th, 1871, whereby the grantor, William Foster, conveyed with general covenants of warranty this tract to the plaintiff, William H. Foster, his heirs and assigns forever, in trust for the sole and separate use of Mrs. Sarah A. Foster and her children. The deed contains also this provision or language, "and my son, George W. Foster, is requested and desired to reside on the said premises during his life, or as long as it may suit his pleasure or convenience." George

W. Foster, sr., is the son of William Foster. Sarah A. Foster was the wife of George W. Foster, sr., and at the time of the execution of the deed had four children, viz: the plaintiff, William H. Foster, and the defendants, Mrs. M. M. Glover, George W. Foster, jr., and Mary E. Foster. Sarah A. Foster died in 1890, leaving as her only heirs at law her husband, the defendant, Geo. W. Foster, sr., and the four children above named. The grantor, William Foster, is dead, and leaves as his only heir at law the defendant, George W. Foster, sr. George W. Foster, sr., now resides on the premises with his daughter, Mary E. Foster. He has been in possession of the land, together with his wife, Sarah A. Foster, up to her death in 1890, and since that time he has continued in possession, the defendant, Mary E. Foster, living with him, the other children having moved else-where. These facts are not disputed.

The defendants, M. M. Glover, George W. Foster, sr., Mary E. Foster, and George W. Foster, sr., answered jointly, and after a general denial, set up the plea that the land could not be partitioned, for the reason that George W. Foster, sr., has the right of possession of said property during his life-time, or at his will and pleasure, and that he is still living, and objects to partition, and that the other defendants join him in said objection. The defendant, George K. Chafee, as receiver, intervened and answered, setting up a mortgage for $58 and interest, and ten per cent. additional for at-torney's fee, executed by the plaintiff to the County Loan and Savings Bank, covering his interest in said lands, and joined in the prayer for partition, and asked for the fore-closure of the mortgage. The defendant, B. F. Turner, in-tervened and answered, setting up bond and mortgage, executed 30th July, 1894, payable 30th July, 1895, by the defendants, George W. Foster, jr., and George W. Foster, sr., for $700, with interest from date at eight per cent., covering the interest of said George W. Foster, jr., and George W. Foster, sr., in said premises, described in the mortgage to be "to the extent of one-fourth interest."

The Circuit Court made decree, August 3d, 1895, adjudging that George W. Foster had no estate or right of possession of said premises, under the terms of the trust deed; that the trust being passive, the statute of uses executed the trust, and that Sarah A. Foster and her children, M. M. Glover, George W. Foster, jr., Mary E. Foster, and W. H. Foster, took an estate in fee in said land, as tenants in common, at the date of the deed; and that on the death of Sarah A. Foster, in 1890, her interest, one-fifth, descended to her husband, George W. Foster, sr., and the four children named above are her heirs at law. Accordingly he decreed for a sale of the premises, and a division of the proceeds among the parties, according to their interest as fixed by him, and directed that the mortgage in favor of defendant Chafee, as receiver, be paid out of the share of plaintiff in the proceeds, and that the mortgage of defendant Turner be paid out of the shares of the defendants, George W. Foster, jr., and George W. Foster, sr., the amount decreed to be due on this mortgage, being $831.60, which includes $75.60 as counsel fees for collection. The decree fixed the interests of the parties in the premises as follows: an undivided one-twenty-fifth (1-25) interest to the defendant, George W. Foster, sr., and an undivided six-twenty-fifths (6-25) interest to the plaintiff, and to each of the defendants, M. M. Glover, Mary E. Foster, and George W. Foster, jr.

The defendant, George W. Foster, sr., with whom the defendants, M. M. Glover, M. E. Foster, and George W. Foster, jr., join, appeals from this decree on five exceptions set out in the case, which make substantially these questions: (1) Whether George W. Foster, sr., is entitled, under the trust deed, to the possession of the said premises during his life? (2) Whether the plaintiff, and those in like interest with him, have an absolute estate in fee in said land, or merely a life estate, and whether, after their death, the fee reverted to the heirs of the grantor? (3) Whether the interest of George W. Foster is not 1-15 interest in said premises, instead of 1-25, and that of the plaintiff and the

other three defendants 7-30, instead of 6-25, under the Circuit Court's construction of the deed? (4) Whether the counsel fees or commissions may be allowed againt George W. Foster, jr., and George W. Foster, sr., on the mortgage to defendant Turner?

The decree of the Circuit Court, the trust deed, and the exceptions of the appellants will be set out in the report of the case.

Taking up the first question stated above, whether George W. Foster, sr., has any right of possession of said premises during his life, it is quite clear that he has not. The words in the trust deed relied on to sustain appellant's contention that George W. Foster, sr., has such right of possession are: "And my son, George W. Foster, is requested and desired to reside on the said premises during his lifetime, or as long as it may suit his pleasure or convenience," coupled with the words describing the consideration of the deed to be "the natural love and affection which I have for my son, George W. Foster, and his family," &c. We are satisfied with the conclusion of the Circuit Court on this point, well sustained as it is by the authorities cited. The construction contended for by appellants is wholly inconsistent with the scope and purpose of the deed, and would contradict and nullify almost every other word in the deed. The land was set apart "for the sole and separate use of Sarah A. Foster and her children." The grantor doubtless thought that a trustee was necessary to enable the wife to hold the land, for he used the language usually employed when it is expressly intended that the husband shall not control the property set apart for the wife. The covenants of warranty bound George W. Foster, as the heir of the grantor, to defend the premises unto the grantee and his heirs against himself. It is true, that the deed was partly made in consideration of the love the grantor had "for George W. Foster and his family;" but this love is well shown in providing for the family of George W. Foster, and the valuable consideration was from the one to whom

the fee was granted. From such words it is impossible to imply any estate, use, occupancy or trust in conflict with the grant of the whole estate in fee with all its incidents to another.

We will consider now the second question above, as to what estate the parties take under the trust deed. It is clear, as held in the Circuit Court, that no duty is imposed upon the trustee under this deed; that the trust was simply a dry, passive trust, and, under the Statute of Uses, 27 Henry VII., C, 10, sec. 2089, Rev. Stat., was immediately executed, and the estate vested in the parties entitled to the use. This is well settled, and a reference to the cases cited by the Circuit Court is quite sufficient. Indeed, appellants' counsel do not dispute this. But the question arises, what estate is vested in the *cestuis que trustent* under this deed? The Statute, 27 Henry VII., C, 10, provided, "that when any person shall be seized of bonds, &c., to the use, confidence, or trust of any other person or body politic, the person, &c., entitled to the use in fee simple, fee tail, for life or years, or otherwise, shall from henceforth stand and be seized or possessed of the land, &c., of and in the like estates as they have in the use, trust or confidence, and that the estate of the person so seized to uses shall be deemed to be in him or them that have the use in such quality, manner, form, and condition as they had before in the use." Our statute, sec. 2089, Rev. Stat., concludes, that "the person, &c., having such use, &c., shall be deemed and adjudged in lawful seizin, estate, and possession of same lands, &c., to all intents, instructions, and purposes in law of and in such like estates as they had, or shall have, in use, trust, or confidence in the same." The grant in this deed is to the trustee, "his heirs and assigns forever," but there are no words of inheritance in reference to the *cestuis que trustent.* The trustee is simply to hold in trust "for Sarah A. Foster and her children." There is strong authority for saying that when the statute of uses executes the estate in the *cestui que trust,*

the exact estate given to the trustee is transferred to the *cestui que trust.* See Perry on Trusts, vol. 1, 3d ed., § 302, p. 404. The rule in reference to passive trusts is stated in this authority thus: "In all cases where an estate is given to one for the use of another in such manner that the statute of uses steps in and executes the estate in the *cestui que trust*, the statute executes in the *cestui que trust* only the estate that the first donee or trustee takes; that is, the statute executes or transfers *the exact estate given to the trustee*" (italics ours). This author goes on to state that a different rule prevails in respect to an estate upon a trust or use not executed by the statute. "In all these cases," says he, "the extent or quantity of the estate taken by the trustee is determined not by the circumstance that words of inheritance in the trustee are, or are not, used in the deed or will, but by the intent of the parties, and the intent of the parties is determined by the scope and extent of the trust."

In the case at bar, the fee was given to the trustee, and if the estate was immediately executed in the *cestuis que trustent*, being a passive trust, then under this authority, if it be law, the fee is in the *cestui que trust*. It may be said here, in passing, that while it is true that Sarah A. Foster was a married woman at the execution of this deed in 1871, and up to the time of her death, in 1890, still, this fact, since the Constitution of 1868, will not prevent the operation of the statute of uses. *Georgia C. & N. Ry. Co.* v. *Scott*, 38 S. C., 34.

But we will not rest this case on the authority cited above from Perry on Trust. While there are no cases in this State in conflict with the rule above stated, it seems that the decided cases in this State have proceeded on the theory that, notwithstanding the grant is to the trustee in fee, the Court should look further into the trust deed to ascertain the intent of the grantor. It is not doubted that, as a general rule, the word "heir" is necessary to carry a legal estate, nor is it doubted that, as an

exception to this rule, the word "heir" is not necessary to give an equitable estate the character of inheritability, provided the intention of the party creating the trust to grant the fee to the benificiary or *cestui que trust* can be made out from the whole instrument. This is conclusively so ruled in *Bratton* v. *Massey*, 15 S. C., 277; *Fuller* v. *Missroon*, 35 S. C., 328, and the authorities in these cases cited. In seeking this intent, Courts of Equity, in their jurisdiction over trust, will not be bound by the technical rules of the common law. In *Bratton* v. *Massey*, which was a case in which the fee was conveyed to the trustee without words of inheritance in reference to the beneficiary, the Court, as was stated by Mr. Justice Pope in *Fuller* v. *Missroon*, *supra*, "seized upon the almost unlimited power of disposition given to the beneficiary to deduce the intention of the grantor that the estate created by his deed was a fee simple, by in effect supplying the word "heir." So, in *Fuller* v. *Missroon*, the Court, from the power of sale contained in the deed and the direction, that the property "shall vest in the issue absolute," deduced the intent that the issue should take the fee. What estate, therefore, did the grantor *intend* to convey to the *cestui que trust?* It is settled by the two cases cited above, that where a trust deed is based upon a valuable consideration, however small, this fact may be taken as evidence of the intention of the grantor to convey the whole estate, and it will usually be held to prevent a resulting trust in the grantor or his heirs. In this case the deed was made in consideration of $50, paid by the trustee. It is evident, therefore, that the grantor meant to convey the whole estate without resulting trust to the grantor or his heirs. The grant of the fee to the trustee with no possibility of reverter, discloses the intent that the whole estate conveyed should go to the beneficiaries, the object of his love and bounty. If this was not the grantor's intent, what was his intent? The alternative is that the fee would remain in the trustee, and appellants could scarcely complain that the trustee, who is plaintiff, is willing to parti-

tion the estate among them. Looking further into the deed itself for the intent of the grantor, we find on the surface a fact which is conclusive. That fact is, that W. H. Foster, the plaintiff, is not only trustee, who has paid a valuable consideration, but he is, also, one of the beneficiaries, being a child of Sarah A. Foster. Now, while it may be, true that the statute of uses would execute the trust, so far as it related to the estates of Sarah A. Foster, M. M. Glover, Mary E. Foster, and George W. Foster, jr., but have no application to the estate of W. H. Foster, since, as to his own interest as beneficiary, he is not "a person seized to the use of some other person," one of the three circumstances necessary to the execution of a use by the statute (see *Williams* v. *Holmes*, 4 Rich. Eq., 485); still, under the doctrine of merger, the plaintiff took an absolute title to a part of said premises. "If the trustee be one of the beneficiaries of the trust, he is absolute owner of a share of the estate equal to his interest." 2 Wash. Real Prop., 516. Though doubted by Chancellor Kent, 6 John Ch. R., 426, it is settled law that a merger may be *pro tanto* (*Trimmier* v. *Vise*, 17 S. C., 499), and as to certain persons among the *cestuis que trust*. 25 N. J. Law, 137; 103 Ind., 533. Here, then, to the extent of the interest or estate of the plaintiff, W. H. Foster, as a beneficiary, was a union of the legal and equitable estates, and the equitable merged into the legal. The deliberate act of the grantor in conveying the legal estate in the whole and the equitable estate in a part of the premises to the same person, clearly discloses an intent that the *quality* of the estate in the whole premises should be carried into the estate in a part thereof. If a person should grant land to A, in fee trust for A, could any one doubt that the grantor *intended* that A should have the fee? Would it not be equally certain, if he should convey the land in fee to A, in trust for A, B. C, D, and E, that the grantor *intended* A to have an estate in fee in one-fifth of the land? The intent, therefore, to grant a fee in this land to W. H. Foster, as one of the beneficiaries, is demonstrable. But

this beneficiary is but one of a class, or of several, for whom the grantor wished to provide. "Sarah A. Foster and her children" were the objects of his love and bounty. The trust was for each alike. Conceding the intent that one beneficiary shall take in fee, we must concede the intent that all shall take in fee. *Wallace* v. *Craig*, 27 S. C., 514, and *McNair* v. *Craig*, 36 S. C., 100, settled that, under a deed to a trustee, "his heirs or assigns," in trust for the sole and separate use, &c., of B, a married woman, and her children, the married woman took an equal share with each of her children living at the execution of the deed. So that Sarah A. Foster and each of her children, at the execution of said deed in 1871, took one-fifth of the land in fee. Sarah A. Foster having died in 1890, her interest descended to her husband, George W. Foster, sr., and her children, as heirs at law, one-third thereof to the husband and one-fourth of two-thirds thereof to each of said children. That is to say, one-fifteenth of the whole premises goes to the defendant, George W. Foster, sr., and seven-thirtieths of the whole to each of the four children, the plaintiff and the defendants, M. M. Glover, Mary E. Foster, and George W. Foster, jr.

From what has been said, we must overrule the first, second, and third exceptions of appellants.

The Circuit Judge in his decree evidently errs, no doubt inadvertently, in stating the interest of George W. Foster, sr., to be one-twenty-fifth, instead of one-fifteenth, and in stating the interest of the plaintiff, and the three defendants in like interests to said premises to be six-twenty-fifths, instead of seven-thirtieths. This error is the foundation of exception four, which must be sustained. Respondents' attorneys concede this, and ask that the proper correction may be made.

Exception five alleges error in the Circuit decree, in allowing counsel fees to amount of $75.60 against the defendant, George W. Foster, jr., and George W. Foster, sr. We find nothing in the bond and mortgage to defendant,

7 Turner, to warrant this allowance for counsel fees.

This seems to be conceded. Counsel for defendant, Turner, have filed no argument in this case, and counsel for appellants in their argument state that "counsel for Mr. Turner have notified us that they abandoned this claim." Exception five is sustained. The Circuit decree should be modified in the two particulars above specified, but in all other respects it should be affirmed.

It is the judgment of this Court, that the judgment of the Circuit Court be modified in accordance with the principles herein announced, and it is remitted to the Circuit Court for such purpose, and for such further proceedings as may be necessary.