17662

J. Willcox DES CHAMPS, Respondent, v. SOUTHERN COATINGS & CHEMICAL COMPANY, Appellant

(114 S. E. (2d) 765)

*Messrs. Lee & Moise,* of Sumter, *for Appellant,* 

*George D. Shore, Jr., Esq.,* of Sumter, *for Respondent,*

May 31, 1960.

TAYLOR, Justice.

This appeal concerns construction of a trust deed to certain lands situated in Sumter County.

In the case of *Annie Louise Galphin, et al., v. Hugh M. Wells, et al.,* on file in the Office of the Clerk of Court for Sumter County, Judgment Roll No. 13717, the Decree provided: "That upon payment by the said J. Willcox DesChamps, or his nominee, to the Master in Equity for Sumter County, within sixty days from the date of this decree, the sum of Eighty-five Hundred and No/100 ($8500.00) Dollars, together with a reasonable rental for the use of said premises for the year 1941 in the sum of Three Hundred and No/100 ($300.00) Dollars, the said Master in Equity shall execute unto the said J. Willcox DesChamps, his heirs and assigns, or to his nominee, his deed for the said property described in the Complaint herein and hereinafter described."

Thereafter, the Master conveyed the premises to Juanita DesChamps, as trustee, by deed dated December 8, 1941, recorded in the Office of the Clerk of Court for Sumter County, the pertinent portion of this deed being:

"In trust, to borrow the sum of Twenty-five Hundred and No/100 ($2,500.00) Dollars, a part of the purchase money of said premises, to be repaid in five (5) years or sooner, with interest thereon at five per cent (5%) per annum until paid, and to secure the payment thereof by the execution of a mortgage of the premises hereinabove described, which mortgage shall encumber said premises free and clear of trusts and limitations and shall contain all covenants usually incident to mortgages of like character as used in the office of Lee & Moise, Attorneys, at Sumter, South Carolina, and In Trust Further, to have, manage and control the said property and to hold the same to and for the use and benefit of J. Willcox DesChamps and his heirs and assigns, subject to the lien of the mortgage so executed for part of the purchase money. And In Trust Further that, upon the death, inability to act or resignation of the said Juanita DesChamps, as Trustee, or of any Trustee hereafter substituted hereunder, then and in any such event a Trustee may be substituted by the said J. Willcox Des-Champs *be* written instrument, which instrument shall be recorded in the office of the Clerk of Court for Sumter County, and such substituted Trustee shall become vested with all of the powers and duties herein and hereby vested in the said Juanita DesChamps, as Trustee."

At the time of the execution of said deed, plaintiff was residing in the Republic of Argentina and title was taken in the name of the trustee as a matter of convenience to plaintiff. The purchase money mortgage, as set forth in the above trust, has been paid and the trustee is now dead.

The plaintiff, as the eldest son of the trustee, Juanita DesChamps, has succeeded his mother as trustee, by operation of law, no one else having been appointed.

Before the hearing Judge, plaintiff contended that Section 67-8, Code of Laws of South Carolina, 1952, executed the trust and vested the fee simple title to the premises in the plaintiff, J. Willcox DesChamps.

The defendant contended that the provision in the trust whereby the trustee was to "manage and control the said property" gave the trustee sufficient duties to prohibit the execution of the trust by the Statute.

In his Decree, the hearing Judge found that: "Substituting a new trustee would accomplish nothing because the trustee has no power of sale and, if the terms of the trust were strictly followed, it would have to continue in perpetuity and the property could never be sold or mortgaged. The plaintiff, having succeeded his mother as trustee, is now trustee for himself 'and his heirs and assigns.' * * * There is no question in my mind but that the sole purpose for employing the trust in the first place was to facilitate the execution of a purchase money mortgage, and that having been accomplished there was nothing further for the trustee to do, and although the trust contains the words 'manage and control' there was actually no management or control necessary. The full consideration for the premises having been paid by the plaintiff; the purchase money mortgage having been executed and since paid; I find as a matter of law that there is no duty with which the trustee is charged which renders it necessary that the legal estate should remain in him; the trust in question is now a naked and passive trust and has been executed in the beneficiary by the Statute of Uses; and that the beneficiary, the plaintiff herein, has a marketable fee simple title to the said premises."

From this Decree, defendant appeals and urges as an additional sustaining ground that plaintiff, the beneficiary under the original trust, the eldest son of the trustee, succeeded her as trustee by operation of law.

There is no appeal from the finding that plaintiff succeeded his mother as trustee by operation of law; therefore,

he is trustee for himself and being the beneficiary of the trust is absolute owner of the share of the estate equal to his interest. See *Black v. Harman,* 127 S. C. 359, 120 S. E. 705, and *Foster v. Glover,* 46 S. C. 522, 24 S. E. 370, 376, which states:

" * * * If a person should grant land to A, in fee trust for A. could any one doubt that the grantor intended that A should have the fee? Would it not be equally certain, if he should convey the land in fee to A, in trust for A, B, C, D, and E, that the grantor intended A to have an estate in fee in one-fifth of the land?"

The interest of the beneficiary being the entire estate for his use and that of his heirs and assigns, we are of opinion that plaintiff has a fee simple title to the premises in question, that all exceptions should be dismissed; and it is so ordered.

Affirmed.

STUKES, C. J. and OXNER, LEGGE and Moss, JJ., Concur.