### HUNT v. NOLEN.

1. GRANTOR AND GRANTEE—DAMAGES.—Where a grantor undertakes to convey lands to which he has no title, and of which the grantee does not get possession, the rule of damages is the purchase price of the land, with interest from date of delivery of deed.

2. EQUITY—TRUST DEED—LIMITATION OF ESTATES.—No questions on the law side of the Court arise in this case, the issues are all equitable in their nature, and in deciding these issues, it was necessary to construe the deed to Mrs. D.—which is construed to mean that her children should have all the remainder of the estate after the falling in of the life estate.

3. SUPREME COURT—CONSTITUTION—CASES FOLLOWED.—The provision of the Constitution of 1895, requiring the concurrence of three Justices to reverse a Circuit Judge, does not apply to a case decided below before adoption of Constitution of 1895, and argued in this Court before it was completed as contemplated by Constitution of 1895. *Following Middleton* v. *Taber*, 46 S. C., 337, and *Land Mortgage Co.* v. *Faulkner*, 46 S. C.,        .

This case was argued at the November term, 1895, decided on the 24th day of March, 1896, and reported in this volume, page 356. After the filing of the opinion the respondents petitioned for a rehearing, upon the grounds stated in the opinion.

April 20, 1896. Per Curiam. The respondents have filed a petition for a rehearing of this case upon certain grounds hereinafter considered.

I. The first of these grounds is: Because, it is submitted, the Court overlooked the fact, that while deed from plaintiffs to Nolen was executed on the 15th of July, 1889, the contract was, that Nolen was not to take possession until the 1st day of July, 1890, and that, therefore, the measure of damages would be the value of the 30¼ acres, with interest from 1st of January, 1890—such date being the time of eviction—and not from the delivery of the deed. The first answer to this argument is, that Nolen did not get possession of the 30¼ acres on the 1st of January, 1890, nor at any other time; and, therefore, there has been no *eviction* therefrom. Eviction presupposes possession. The act of 1824, which affirmed the rule of the common law, provides as follows: "In any action or suit for reimbursement or damages upon covenant or otherwise, the true measure of damages shall be the amount of the purchase money at the time of alienation, with legal interest." In 1879 this act was amended by adding the words: "from the time of eviction," at the end of said act. There has not been, and there cannot be, an *eviction* in this case, because the grantors were not possessed of the 30¼ acres, which did not exist. The amendment to the act of 1824, by the additional words in 1879, has no application to this case. The act of 1824, as amended, has reference to an *actual* eviction, which, as we have said, cannot take place in this case. *Earle* v. *Middleton*, Cheves, 127. The breach of the covenant of warranty took place when the deed was delivered. To allow Nolen interest on the value of the 30¼ acres from the time when the deed was delivered till the 13th of January, 1890, when Nolen paid the sum of $1,400, at the rate specified in the mortgage, amounts to the same thing as to deduct the value of the 30¼ acres from the purchase money when the deed was delivered. But whether the interest is calculated at ten or seven per cent. till the 13th of January,

1890, the amount then paid by Nolen more than extinguished the said mortgage, and from that time the plaintiffs did not have a valid claim against Nolen for any part of the purchase money of said land. The language of Mr. Chief Justice McIver, in *Laurens* v. *Robertson*, 10 S. C., 32, is applicable to this case, when he says: "For, if a person sells land, for which he has no title, to another, there is certainly no injustice, so far as he is concerned, in taking from him the purchase money and interest for the time which he had the money, for it is simply taking from him that which, in equity and good conscience, was never his, and which he never ought to have had."

II. The second ground for a rehearing is because, it is submitted to the Court, while resting its decision on the case of *Fuller* v. *Missroon*, 35 S. C., 314, it overlooked this important and essential difference between the facts in that case and this. *There* the trust continued, while here it died with the life estate; that in the case of *Fuller* v. *Missroon*, the estate given to the remaindermen *was in its inception an equitable estate*, while here the estate given to the remaindermen *was at any moment an equitable one*. That they took by purchase a *legal* estate, and that the trust had no relation to them. They, therefore, contend that the liberal rules which Courts of *Equity* exercise to ascertain and carry out the *intention* of the grantor cannot be invoked in this case, and that there are no words of inheritance in the deed sufficient to pass the title in fee to the land. We shall not undertake to say what construction should be placed upon the deed, if it was the foundation of an action on the *law* side of the Court, or if it was the foundation of a defense, raising a *legal* issue, to an action on the *equity* side of the Court. It is sufficient to say that no such question is presented in this case. This action for foreclosure is on the *equity* side of the Court, and the defense is, that there was a partial failure of consideration, *arising out of the transaction in which the mortgage was given*. The issues are, therefore, all *equitable* in

their nature. *McLaurin* v. *Hodges*, 43 S. C., 187. In deciding these *equitable* issues, the Court was called upon to construe the deed of trust, so as to ascertain the right of the parties. To ascertain these rights the Court naturally looks to the *intention* of the grantor. It is one of the cardinal rules of construction that the deed must be considered as a whole. It is very clear that the grantor did not intend to convey to the trustee any larger estate than was necessary for the benefit and enjoyment of the property by Mrs. Cynthia Dupriest during her natural life, and for the benefit and enjoyment of her husband during his natural life, in case he survived his wife. The consideration of $500 paid for the land by Mrs. Cynthia Dupriest, also shows that the grantor did not intend that any part of said property should revert to his estate. The grantor intended that the deed should convey the entire estate, and the words used in connection with the children of Mrs. Dupriest, show his intention that they should have all the remainder of the estate after the falling in of the preceding life estate of Mrs. Dupriest and her husband. No other construction would carry out the purpose of the trust.

III. The third ground for a "rehearing is because, it is submitted, that under the new Constitution, a concurrence of three of the Justices of this Court was required to reverse the judgment of the Circuit Court." The following cases show that this ground cannot be sustained. *Middleton* v. *Taber*, 46 S. C., 337; *Land Mortgage Company* v. *Faulkner*, 45 S. C.,      , and cases therein cited.

The petition for a rehearing is, therefore, dismissed.