7847

McMILLAN v. HUGHES.

1. Limitation of Estates.—A deed conveying land to A. for her life for the use of herself and children and to her children forever in fee simple carries to A. and her children a life estate only.
2. Pleadings.—Reformation of a deed will not be decreed when not within the scope of the issues.
3. Estoppel.—A grantor conveying land by a deed which shows intent to convey a fee but which is construed to carry only a life estate is estopped from insisting on that construction by aiding in selling the land in fee by one who had acquired an interest therein.
4. Real Property.—One agreeing to pay a mortgage debt on condition that he live on the mortgaged land during his life forfeits this right by his failure to pay the debt.
5. Rehearing refused.

Before Gage, J., Bamberg, May, 1910. Affirmed.

Action by Flossie McMillan *et al.* against Clarence E. Hughes *et al.* From Circuit decree, defendant, C. M. McMillan, appeals.

*Messrs. S. G. Mayfield* and *W. H. Townsend,* for appellant, cite: *The word "heirs" is necessary to create a fee simple estate by deed:* 1 Kent. 4 to 6; 74 S. C. 428; 51 S. C. 557; 2 N. & McC. 383; 16 N. J. Eq. 189; 78 S. C. 191; 32 S. C. 78; 39 S. C. 18; *Wilson* v. *Watkins,* 48 S. C.; 5 B. C.

709; 26 S. C. 293; 83 S. C. 257; 27 Ency. 512; 30 N.. J. L. 505. *Appellant is entitled to the possession of the land under the parol agreement partly performed:* 21 S. C. 480;. 25 S. C. 510; 27 S. C. 621; 37 S. C. 498. *Respondents cannot claim estoppel: Hand* v. *R. R.,* 12 S. C.; *Bull* v. *Rowe,* 13 S. C.; 6 S. C. 18; *Hart* v. *Bates,* 17 S. C.; 57 S. C. 578.: *Essentials to an equitable estoppel:* 16 Cyc. 742; 70 S. C. 195; 84 S. C. 430. *Appellant is not estopped as to respondents by his silence:* 84 S. C. 430; 77 S. C. 423; 26 S. E. 861; 93 U. S. 337; 150 U. S. 337; 4 A. & E. Dec. Eq. 337; 67 S. C. 453.

· *Mr. E. H. Henderson,* for L: B. Wyman, respondent,· cites: *Deed should be construed to give effect to intention of parties:* 23 S. C. 232; 28 S. C. 129; 35 S. C. 327; 44 S. C. 511; 11 S. C. 306.. *Words of inheritance will pass a fee:* 12 Rich. 401; 32 S. C. 85; 36 S. C. 301; 39 S. C. 273; 42 S. C. 65; 40 S. C. 475; 51 S. C. 558. *Appellant is estopped by his acts:* 67 S. C. 454; 6 S. C. 46; 12 S. C. 351, 29; 13 S. C. 370; 15 S. C. 363, 483; 22 S. C. 549; 31 S. C. 153; 80 S. C. 559; 77 S. C. 425; 82 S. C. 24.

*Mr. J. Aldrich Wyman,* for plaintiffs-respondents, cites: *Deed conveys a life estate only:* 76 S. C. 489; 78 S. C. 191. *As to estoppel:* 3 Strob. 367; 1 Bay. 241; 6 S. C. 29; 12 S. C. 351; 13 S. C. 361, 29;· 15 S. C. 362, 483; 22 S. C. 549; 27 S. C. 549, 178; 30 S. C. 612; 31 S. C. 153; 38 S. C. 393; 42 S. C. 348; 48 S. C. 271; 56 S. C. 476; 57 S. C. 279, 508; 67 S. C. 454; 77 S. C. 425; 80 S. C. 330; 82 S. C. 24.

April 1, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This is an action to partition a tract of land in Bamberg county containing 225 acres, known as "the Henrietta McMillan tract."

One of the main issues involved in this appeal is the construction of a deed of the premises executed by the appellant, C. M. McMillan, October 3, 1876. This deed, in consideration of love and affection and forty-two dollars paid by Henrietta McMillan, the grantor's wife, conveyed said land "unto the said Henrietta McMillan for the use, benefit and advantage of herself and the children she now has and those she may hereafter have by her present husband, the said Charles McMillan (description of the land) this deed is meant to convey to said Henrietta McMillan and her children by said Charles McMillan * * * to have and to hold said tract or parcel of land unto the said Henrietta McMillan and her children as aforesaid * * * to her during her life and to her children by her present husband forever in fee simple."

The Circuit Court held that the children of Henrietta took the fee, construing the words "to them in fee simple forever" as equivalent to the words "to them and their heirs."

C. M. McMillan contends that Henrietta and her children took a life estate only and that the fee remains in the grantor.

The construction given by the Circuit Court clearly violates the rule of common law in force in this State. In *McMichael* v. *McMichael*, 51 S. C. 557, 29 S. E. 403, construing a deed substantially similar, the Court said: "The technical rule of the common law makes it essential to the creation of an estate in fee simple in a natural person by deed, that there be in the deed an express limitation to such person and his heirs. This rule is generally and inflexibly enforced in the United States, except where abrogated or modified by statute. While many States have altered this rule by statute, no such statute, as applicable to deeds, has been adopted in this State, and our Courts have repeatedly and uniformly recognized and enforced the strict rule of the common law.

*Knotts* v. *Hydrick,* 12 Rich. 318; *Bratton* v. *Massey,* 15 S. C. 284; *Varn* v. *Varn,* 32 S. C. 85, 10 S. E. 829; *Jordan* v. *Neece,* 36 S. C. 298, 15 S. E. 202; *Harrelson* v. *Davis,* 39 S. C. 18, 17 S. E. 368; *Bradford* v. *Griffin,* 40 S. C. 468, 19 S. E. 76; *Wilson* v. *Watkins,* 48 S. C. 341, 26 S. E. 663. An exception to this rule is recognized in this State in the case of trust deeds, where the purposes of the trust require that the trustee or *cestui que trust* shall take an estate of inheritance, in which case the words 'heirs' is not essential to create such an estate. A court of equity in its jurisdiction over trusts, not being bound by the technical rules of the common law, will seek the intention of the grantor from the whole instrument; and if it contains words other than 'heirs,' indicating an intention to convey a fee simple, may so declare the intent in order to effectuate the trust. This distinction is clearly shown in *Bratton* v. *Massey,* 15 S. C. 284, and in *Foster* v. *Glover,* 46 S. C. 538, 24 S. E. 370. The case of *Hunt* v. *Nolen,* 46 S. C. 556, 24 S. E. 543, upon which the Circuit Judge relied, related to the construction of a trust deed, and the Circuit Judge fell into the error of applying the exceptional construction permitted as to trust deeds to the deed in question, which is not a trust deed. In *Fuller* v. *Missroon,* 35 S. C. 314, 14 S. E. 714, cited to sustain the Circuit decree the deed construed was a trust deed."

A similar question was before the Court in *Sullivan* v. *Moore,* 84 S. C. 428, 65 S. E. 108, and this language was used:

"The case of the plaintiff rests on the proposition that the deed, with the word *heirs* so omitted, conveyed only a life estate to Mrs. Greer, and upon her death in November, 1906, there was a reversion to Mrs. Sullivan. This is the rule of the common law from which the Courts cannot escape, though its operation nearly always results in the injustice of defeating the intention of the parties. The rule serves generally as a snare to those unlearned in technical

law, and it would be difficult to suggest any reason for its continued existence. But it has been so long established in this State that the Courts cannot now overrule the cases laying it down without imperiling vested rights. *McMichael* v. *McMichael*, 51 S. C. 555, 29 S. E. 403, and cases cited. It was made inapplicable to wills by the first section of the Act of 1824, 6 Stat., 237, which enacts: 'That no word of limitation shall hereafter be necessary to convey an estate in fee simple, by devise, but every gift of land by devise shall be considered as a gift in fee simple, unless such a construction be inconsistent with the will of the testator, expressed or implied.' The General Assembly has not, however, seen fit to extend this statute to deeds, and the Courts are powerless to do so."

The case of *Clark* v. *Neves*, 76 S. C. 487, 57 S. E. 614, 12 L. R. A., N. S. 298, is in complete harmony with the foregoing, as the limitation was to "lineal heirs." This being a common law deed under construction we are bound to declare the law in accordance with the inflexible rule stated.

The master undertook to report in favor of reforming the deed. The Circuit Judge under his construction held that there was no reason to reform the deed. We need only say that reformation was not within the scope of the issues raised by the pleadings.

The apparent intent of the grantor to convey a fee simple to the children may, however, be effectuated in this case through the law of estoppel *in pais,* a matter within the range of the issues, and brought before us by respondents in the prescribed manner as a ground for sustaining the conclusion of the Circuit decree.

The testimony shows that in 1901, at the time Gen. Bamberg, who had acquired the interest of Mrs. McMillan, executed a deed in fee of the premises to the McMillan children and received from them a mortgage to secure the purchase money, C. M. McMillan was present promoting

the arrangement, and that agreement was made among the children present and C. M. McMillan whereby it was arranged that McMillan should occupy the place during his life upon condition that he pay the mortgage debt, all parties acting under the belief that the children took the fee subject to the life estate of Henrietta McMillan, who lived thereafter until March 9, 1908. No claim was ever made by C. M. McMillan that he reserved the fee in himself, until after the close of the testimony before the master, when he sought by amended answer to make this claim.

Among the numerous cases cited on the subject of equitable estoppel it is only necessary to refer to the case of *Chambers* v. *Bookman,* 67 S. C. 454, 46 S. E. 39, where the Court declared: "Positive acts on the part of the true owner of land, which induce an innocent party to deal with it as if the title was in another will estop him, even if he was ignorant of his title and no fraud was actually intended."

With respect to the claim in behalf of C. M. McMillan that there should be no partition as against him because of the agreement that he should be allowed to occupy the premises during his life, we need only to say that he has not performed the condition which required him to pay the Bamberg mortgage debt.

The results being correct, the decree of the Circuit Court is affirmed.

MR. JUSTICE GARY *concurs in the result.*

Petition for rehearing refused by formal order on April 25, 1911.