## 9572

### HOLDER v. MELVIN *ET AL.*

#### (91 S. E. 97.)

1. Trusts — Deeds — Construction — Rule.—The legal interest of the trustee in an estate given to him in trust is measured, not by words of inheritance in the deed or will, but by the object and extent of the trust upon which the estate is given, whether it be greater or less than the estate given trustee in the instrument.

2. Trusts—Trust Deed—Construction.—Where a deed conveyed an estate in trust to the wife of the grantor for life, with remainder over in fee to the children, the trust was active until the death of the life tenant, but passive as to the remainder to the children, as no active duty rested upon the trustee in connection with the remainder.

3. Trusts—Trust Deed—Construction.—Although the estate conveyed to the children could not become a vested interest in possession until the death of the life tenant, when the life tenant died the statute executed the use in the children.

4. Trusts—Trust Deed—Construction.—Where a trust deed conveyed land in fee for the use of the grantor's wife and children during the life of the wife, and at her death to go to her children, the use of the word "fee" and the absence of any restrictive words in granting the estate to the children showed an intention on the part of the grantors to dispose of the land in fee, and a child of the life tenant *in esse* when the deed was executed, but who predeceased his mother, took a vested interest in the land, which upon his death descended to his only child and the only grandchild of the life tenant.

Before DeVore, J., Edgefield, August, 1916. Reversed.

Action by J. H. Holder against Willie W. Melvin and others. Decree for the defendants, and plaintiff appeals.

*Mr. J. Wm. Thurmond,* for appellant, cites: *As to remainder:* 26 S. C. 471; 89 S. C. 544; 87 S. C. 59 to 61; 78 S. C. 115; 102 S. C. 368. *Trust estate:* 100 S. C. 226; 29 S. C. 139; 7 Rich. 80; 2 Rich. Eq. 56. *Intention of grantor governs construction of deed:* 23 S. C. 233; 102 S.

Footnote.—As to consideration in deeds negativing resulting trust in favor of grantor, see notes in 44 L. R. A. (N. S.) 1223.

C. 371; Washburn Real Property, sec. 149; 46 S. C. 539 and 370; 35 S. C. 314; 56 S. C. 428; 15 S. C. 281.

*Mr. C. J Ramage,* also for appellant, cites: *As to limitations of trust estates:* 2 L. R. A. (N. S.) 172; 57 Ala. 14; 92 Ala. 130; Perry on Trusts, sec. 312; 9 App. Dec. 400; 99 Ga. 144; 10 Johns. 495; 21 Wend. 147; 45 Am. Dec. 187; 6 Cush. 406; 53 Fed. 895; 9 Cush. 71; 165 U. S. 342; 56 Pa. 300; 9 Gill 262; 15 Phila. 573; 101 U. S. 782; 4 Ind. 607; 141 U. S. 296; 4 Ad. & El. 582; 2 Strange 798; 2 Atk. 72; 51 S. C. 555; 131 Pa. 381; 1 Spence Eq. 439, 447,

*Mr. D. S. Henderson,* also for appellant: *Construction of common law and trust deeds distinguished:* 36 S. C. 295; 85 S. C. 472; 88 S. C. 298; 46 S. C. 367 and 553; 46 S. C. 535; 15 S. C. 277; 35 S. C. 328; 2 Adkyns 71; 10 Johns. 505; 1 Perry Trusts (3d ed.), par. 302, p. 404; 84 S. C. 482; 25 S. C. 488; 85 S. C. 273; 87 S. C. 59; 102 S. C. 368.

*Mr. S. M. Smith,* for respondents, cites: *As to construction of deed:* 15 S. C. 293; 35 S. C. 314; 88 S. C. 298.

*Messrs. Sheppard Bros. & Nicholson,* for respondents, cite: 15 S. C. 293; 1 Perry Trusts 404; Tiedeman Real Property (3d ed.) 546; 88 S. C. 298; 101 S. C. 424; 46 S. C. 538; 46 S. C. 556; 35 S. C. 314; 104 S. C. 442, 445.

January 6, 1917.

The opinion of the Court was delivered by Mr. CHIEF JUSTICE GARY.

This is an action for specific performance, and involves the construction of a deed dated the 4th of May, 1871, the provisions of which are as follows:

"Know all men by these presents that I, William H. Mays, * ·* * for and in consideration of the sum of five dollars, to me in hand paid by James M. Holder, * * * (the receipt whereof is hereby acknowledged), hath granted, bargained, sold, released, and conveyed * * * unto the said James M. Holder, in trust, for his wife, Sarah F. W. Holder, and her children, all that tract or parcel of land * ·* * to have and to hold all the above described premises in fee, as trustee for his wife * * * and her children, the said James M. Holder to use, control, and cultivate the said premises, for the use of his wife and her children, during the lifetime of his said wife * * * and at her death to go to her children."

Then follows the clause of warranty against himself, his heirs and assigns, unto the said James M. Holder, trustee, and against all other persons. The plaintiff (who is the only grandchild of Mrs. Sarah F. W. Holder, his father, Oscar Holder, her only child, having predeceased her) claims that he owns the said land in fee. His Honor, the Circuit Judge, ruled that the plaintiff had no interest whatever in the land; that the land reverted to the estate of the grantor. The plaintiff appealed from the decree of his Honor, the Circuit Judge.

The rule for the construction of trust deeds, is thus stated in *McMichael* v. *McMichael,* 51 S. C. 555, 29 S. E. 403 :

"The technical rules of the common law make it essential to the creation of an estate in fee simple in a natural person by deed, that there be in the deed an express limitation to such person and his 'heirs.' * * * An exception to this rule is recognized in this State, in the case of trust deeds, where the purposes of the trust require that the trustee, or *cestui que trust,* shall take an estate of inheritance, in which case the word 'heirs' is not essential to create such an estate. A Court of equity, in its jurisdiction over trusts, not being bound by the technical rules of the common law, will seek the intention of the grantor from the whole instrument; and if it contains other words than 'heirs,' indicating an

intention to convey a fee simple, may so declare the intent in order to effectuate the trust."

This language is quoted with approval in *McMillan* v. *Hughes,* 88 S. C. 296, 70 S. E. 804.

Stated in another form, the rule which has been adopted in this State is thus expressed in section 312 of Perry on Trusts:

"The extent or quality of the estate taken by the trustees is determined, not by the circumstances that words of inheritance in the trustee are or are not used in the deed or will, but by the intent of the parties. And the intent of the parties is determined by the scope and extent of the trust, upon which the estate is given. On trustee in an estate given to him in trust is measured, not by words of inheritance or otherwise, but by the object and extent of the trust, upon which the estate is given. On this principle, two rules of construction have been adopted by the Courts: First, wherever a trust is created, a legal estate, sufficient for the purposes of the trust, shall, if possible, be implied in the trustee, whatever may be the limitation in the instrument, whether to him and his heirs or not. And second, although a legal estate may be limited to a trustee to the fullest extent, as to him and his heirs, yet it shall not be carried further than the complete execution of the trust necessarily requires."

In Sullivan v. Moore, 84 S. C. 426, 65 S. E. 108, 66 S. E. 561, the Court, in discussing the proposition that the deed, with the word "heirs" being omitted, conveyed only a life estate, and that upon the death of the life tenant there was a reversion, used this language:

"This is the rule of the common law from which the Courts cannot escape, though its operation nearly always results in the injustice of defeating the intention of the parties. The rule serves generally as a snare to those unlearned in technical law, and it would be difficult to suggest any reason for its continued existence; but it has been

so long established in this State that the Courts cannot now overrule the cases laying it down without imperiling vested rights."

Such being the effect in the application of the common-law rule, the Courts, in the exercise of their chancery powers, are inclined to follow the equitable rule, whenever it is doubtful whether the word under construction is a word of inheritance. Accordingly, in *Duncan* v. *Clarke,* 106 S. C. 17, 90 S. E. 180, where the construction of a trust deed was involved, it was held that the word "issue" was used in the sense of "children," so as to give effect to the purposes of the trust, although "issue" is a word of limitation, unless the language of the deed indicates that it was intended as a word of purchase. *Williams* v. *Gause,* 83 S. C. 265, 65 S. E. 241.

Before proceeding to construe the deed herein, it may be well to determine the following questions: Can the statute execute the use, when the deed contains an active trust? Is the provision in the deed that the land was to go to the children, after the death of their mother, to be determined by the common-law or equitable rule? In *Hunt* v. *Nolen,* 46 S. C. 356, 24 S. E. 310, lands were conveyed by deed to a trustee, for the use of Mrs. Cynthia Dupreest, during her natural life, and after her death to the use of her husband, if he survived, during his natural life, and at his death to be equally divided among the children of Cynthia Dupreest. Then, after stating the life estates substantially as above, these words were added:

"Then to go absolutely to the children of the said Cynthia Dupreest absolutely, share and share alike."

In deciding that case, his Honor, the Circuit Judge, used this language:

"Another essential difference between the case at bar and those cited by counsel for defendants is that the estate conveyed to the children, and now owned by Dr. Cleveland, was not equitable, but a legal estate. If they take all under

the deed, they take a legal title to the land as purchasers. There was no trust as to them. The trust expired with the (death of the) surviving parent. Dr. Cleveland's title is just the same as it would be if H. H. Thomson, instead of making the trust deed had.conveyed the premises directly to Julia Dupreest and the other children, naming them."

The Supreme Court, however, did not adopt this construction of the deed. There was a petition for a rehearing in that case, on the ground that the Court had overlooked the following essential difference between the facts of that case and those in *Fuller* v. *Missroon,* 35 S. C. 314, 14 S. E. 714, which ground was, in substance, the same as that upon which his Honor, the Circuit Judge, relied:

"There the trust continued, while here it died with the life estate; that in the case of *Fuller* v. *Missroon,* the estate given to the remaindermen was in the inception an equitable estate, while here the estate given to the remaindermen was not at any moment an equitable one; that they took by purchase a legal estate; and that the trust had no relation to them. They, therefore, contend that the liberal rules which Courts of · equity exercise, to ascertain and carry out the intention of the grantor, cannot be overlooked in this case, and that there are no words of inheritance in the deed sufficient to pass the title in fee to the land."

In disposing of that ground for a rehearing, this Court said (46 S. C. 551, 24 S. E. 544) :

"The grantor intended that the deed should convey the entire estate, and the words used in connection with the children of Mrs. Dupreest show his intention that they should have all the remainder of the estate, after the falling in of the preceding life estate of Mrs. Dupreest and her husband. No other construction would carry out the purpose of the trust."

The petition for a rehearing was therefore dismissed. In section 300 of Perry on Trusts, it is said.

"The statute may execute the use in regard to one party, and not as to another in the same deed; for example, where land is conveyed to A in trust for B for life, contingent remainder to C, the statute may execute the life estate in B and still leave the fee in A for the preservation of the remainder."

The rule is thus stated in section 320 of the same work:

"Where an estate is given to trustees and their heirs, in trust to pay the income to A, during her life, and at her decease to hold the same for the use of her children or her heirs, or for the use of other persons named, the trust ceases upon the death of A, for the reason that it no longer remains an active trust; the statute of uses immediately executes the use in those who are limited to take it, after the death of A, not because the Court has abridged their estate to the extent of the trust, but because, having the fee or legal estate, the statute of uses has executed it in the *cestui que trust.*"

In *Young* v. *McNeill,* 78 S. C. 143, 59 S. E. 986, the Court says:

"There is no doubt as to the principle that when estates are conveyed to trustees for the benefit of parties taking different interests, the statute may execute the use in one and not in the other" (citing *Howard* v. *Henderson,* 18 S. C. 184).

See, also, *Duncan* v. *Clarke,* 106 S. C. 17, 90 S. E. 180.

A trust is active, as to any estate conveyed to a *cestui que trust,* whenever it imposes upon the trustee some duty, with reference to the estate of the particular beneficiary, and as to all others it is passive. The principle is thus expressed in *Holmes* v. *Pickett,* 51 S. C. 271, 29 S. E. 82:

"It is well settled that the true test as to whether the statute of uses applies is to inquire whether the trustee has some duty to perform, for the proper performance of which

it is necessary that the legal estate shall be in him. If so, the use is not executed; but, if not, then the statute does apply, and the use is executed."

In the case now under consideration, the trust was active until the death of the life tenant, but passive as to the remainder to the children, as no active duty rested upon the trustee, in connection with that estate. The estate conveyed to the children could not become a vested interest in possession until the death of the life tenant, but when the life tenant died, there was no longer any obstacle, to prevent the statute from executing the use in the children.

Having disposed of these two questions, we proceed to determine whether the deed contains language from which it must be inferred that it was the intention of the grantor that the children should take in fee. The language of the habendum, that the trustee should hold the lands "in fee," clearly shows the intention of the grantor to clothe him with the fee. The deed recites that the consideration was $5, and that the receipt thereof was acknowledged. In *Fuller* v. *Missroon,* 35 S. C. 314, 14 S. E. 714, the Court used this language:

"The use of $5 paid by trustee to grantor is in support of this view. While, it is true, the only evidence of this payment is in the recital of the deed itself, yet the only person who could gainsay it would be a creditor of the grantor; it would certainly bind his heirs so as to prevent a reverter. A very slight circumstance in the way of consideration, even if it be 'a peppercorn' our own Courts declare. will be sufficient evidence of intention to carry the whole estate."

The rule is thus stated in *Foster* v. *Glover,* 46 S. C. 522, 24 S. E. 370:

"It is true that the deed was partly made in consideration of the love the grantor had 'for George W. Foster and his family;' but this love is well shown in providing for the family of George W. Foster, and the valuable considera-

tion was from the one to whom the fee was granted. From such words it is impossible to imply any estate, use, occupancy, or trust, in conflict with the grant of the whole estate in fee, with all its incidents to another."

Again the Court says, after discussing the cases of *Bratton* v. *Massey,* 15 S. C. 277, and *Fuller* v. *Missroon,* 35 S. C. 328, 14 S. E. 714:

"It is settled by the two cases cited above that where a trust deed is based upon a valuable consideration, however small, this fact may be taken as evidence of the intention of the grantor, to convey the whole estate, and it will usually be held to prevent a resulting trust in the grantor or his heirs. In this case the deed was made in consideration of $50, paid by the trustee. It is evident, therefore, that the grantor meant to convey the whole estate, without resulting trust to the grantor or his heirs. The grant of the fee to the trustee with no possibility of reverter discloses the intent that the whole estate conveyed should go to the beneficiaries, the object of his love and bounty. If this was not the grantor's intent, what was his intent? The alternative is that the fee would remain in the trustee, and appellants could scarcely complain that the trustee, who is plaintiff, is willing to partition the estate among them."

In *Hunt* v. *Nolen,* 46 S. C. 551, 24 S. E. 543, the Court said:

"The consideration of $500 paid for the land by Mrs. Cynthia Dupreest, also shows that the grantor did not intend that any part of said property should revert to his estate."

There are numerous other decisions to the same effect, but we do not deem it necessary to cite them, as the foregoing fully sustain the proposition that the consideration recited in the deed, and the words "in fee" show an intention on the part of the grantor to dispose of the land in fee, and there should not be a reverter. Such being the case, the purposes of the trust cannot be

carried out, unless the children take the absolute estate in remainder.

There is another reason tending to show the grantor intended that the children should take an absolute estate. When the grantor desired to convey to the mother a mere life estate, he used apt words of restriction, but when he provided that the land should go to the children, he did not use any restrictive words. If it had been his intention to confer upon the children a mere life estate, it would have been most natural for him to have added the words "for life" after the words "to go to her children."

The conclusions we have reached on all the questions involved are fully sustained by the authorities in this State and elsewhere, among which may be mentioned *Bratton* v. *Massey,* 15 S. C. 277; *Fuller* v. *Missroon,* 35 S. C. 314, 14 S. E. 714; *Hunt* v. *Nolen,* 46 S. C. 356, 24 S. E. 310; *Id.,* 46 S. C. 551, 24 S. E. 543; *Foster* v. *Glover,* 46 S. C. 522, 24 S. E. 370. In *Hunt* v. *Nolen* there were no specific words in the deed, indicating an intention on the part of the grantor to convey the fee to the trustee; nor were there any words sufficient to pass the fee to the children, in a common-law deed. The sole word upon which it was held that the grantor intended that the trustee should hold the land in fee, for the purposes of the trust, and that it should pass to the remaindermen upon the death of the life tenant, was the word "absolutely," which prescribed the manner in which the children were intended to take. It was nevertheless held that the children took a fee. The case of *Foster* v. *Glover,* 46 S. C. 522, 24 S. E. 370, resembles the one under consideration more than any of the others. The deed in that case contained the following provision:

"To have and to hold the premises above mentioned unto the said William H. Foster, * * * his heirs and assigns forever, * * * in trust for the sole and separate use of Mrs. Sarah A. Foster and her children."

The deed contained the usual clause of warranty. It will thus be seen that the fee was conveyed to the trustee for the use of Sarah A. Foster, but that there were no specific words, indicating an intention on the part of the grantor that Sarah A. Foster and her children were to take a fee in the land, yet the Court held such was the case.

We do not deem it necessary to cite authorities to sustain the proposition that the child of Mrs. Sarah F. W. Holder, who was *in esse* when the deed was executed, but who predeceased his mother, took a vested interest in the land which upon his death descended to the plaintiff, who is the only grandchild of Mrs. Sarah F. W. Holder.

Judgment reversed, and case remanded to the Circuit Court for such further proceedings as may be necessary to carry into effect the conclusions herein announced.