9921

BARTLETT *ET AL.* v. AYCOCK *ET AL.*

(95 S. E. 188.)

1. TRUSTS—TRUST DEEDS—CONSTRUCTION.—A trust deed is not to be construed by the technical rules of the common law, but of equity, which always endeavors to ascertain the intention of the grantor.

2. TRUSTS—TRUST DEEDS—CONSTRUCTION—ESTATE CONVEYED.—A trust deed "to have and to hold the premises in trust for life and on the grantee's death to such heirs of his body as may survive him, to them and their assigns forever," granted only a life estate, with remainder to surviving heirs.

Before MEMMINGER, J., Sumter, Summer term, 1916. Reversed.

Two actions by Bunyan Bartlett and others against Henrietta Aycock and others, and by Henry Bartlett and others against Charles L. McLeod. From the decree rendered, plaintiffs in each case appeal.

*Mr. A. B. Stuckey,* for appellants, cites: *As to the construction of the deed:* 67 S. C. 130.

*Messrs. L. D. Jennings* and *A. S. Harby,* for respondents, cite: *As to the construction of the deed:* 67 S. C. 135; 69 S. C. 292; 7 Rich. Eq. 407; 39 S. C. 131; 95 S. C. 32; 76 S. C. 484; 47 S. C. 288; 52 S. C. 554; 83 S. C. 265.

March 11, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

These two actions were heard together, and involve the construction of a deed, whereby Jno. M. Tindall conveyed certain lands to Richard S. Bartlett, the habendum clause being as follows:

"To have and to hold all and singular the said premises before mentioned, unto the said Richard S. Bartlett, in trust for his life, and at his death to such heirs of his body as may survive him, to them and their heirs and assigns forever."

His Honor, the Circuit Judge, ruled that Richard S. Bartlett took a fee conditional. After the birth of issue he conveyed the lands to these defendants or their grantors. The only question involved is whether the ruling of the Circuit Judge is erroneous. As this is a trust deed, it is not to be construed by the technical rules of the common law, but of equity, which always endeavors to ascertain the intention of the grantor. *Holder v. Melvin,* 106 S. C. 245, 91 S. E. 97.

The clear intention of the deed was that Richard S. Bartlett should take only a life estate, with remainder to such of his heirs of his body as might be living at the time of his death. This construction is fully sustained by the case of *Gadsden v. Desportes,* 39 S. C. 131, 17 S. E. 706, in which Mr. Chief Justice McIver used the following language:

"It may be conceded, for the purposes of this case, that if the language of this devise had been to Regina Gadsden, and at her death to the issue of her body, with nothing more, then the rule in Shelley's case would have applied, unless there were other controlling circumstances, hereafter to be adverted to, to present such a result. But in this case there is something more. Here the words are not simply to the

issue of her body, but to the issue of her body 'who may be then living,' which, it seems to us, negatives an intent that the issue should take in indefinite succession, and, on the contrary, indicates an intent that certain issue, not susceptible of designation by name, and, therefore, described as a class, 'who may be then living,' should take as purchasers. These words unquestionably show that it was not the intent that the issue generally should take, but, on the contrary, only such of the issue as might then be living, which would be equivalent to saying such issue as might then be surviving. If, therefore, the intention was not to give the property to the issue generally who could take through their ancestor, but to certain persons who could bring themselves within the terms of the devise descriptive of the class, they must take as purchasers, and not through their ancestors."

It will thus be seen that the remaindermen under the deed in question would take as purchasers even if it should be tested by technical rules of construction.

Reversed.

MESSRS. JUSTICES HYDRICK, WATTS and FRASER concur.

MR. JUSTICE GAGE *dissenting.* I dissent, and concur with the Circuit Court. I think there was no trust, and it must be decided as if it was at law.