### HOGG *ET AL.* v. CLEMMONS *ET AL.*

#### (120 S. E., 96)

1. DEEDS—CONVEYANCE HELD IN FEE THOUGH NO WORDS OF INHERITANCE USED.—A deed to a named person as trustee for his children, the estate to be managed by him during his life in such manner as to him shall seem proper, and at his death to be equally divided among his children, *held* a conveyance in fee, and on trustee's death the property did not revert to grantor's estate, though no words of inheritance were used.

2. TRUSTS—DEED HELD A CONVEYANCE IN TRUST GIVING TRUSTEE NO BENEFICIAL INTEREST.—A deed to a named person as trustee for his children, the estate to be managed by him during his life in such manner as to him shall seem proper, and at his death to be equally divided among his children, *held* a conveyance in trust giving trustee no beneficial interest.

Before C. J. RAMAGE, SPECIAL JUDGE, Barnwell, November, 1922. Affirmed.

Action by G. P. Hogg and others against T. C. Clemmons and others.

Judgment for defendants, and plaintiffs appeal.

The report of H. L. O'Bannon, Master, is as follows:

It is admitted that Judson Briggs, the grantee in the above deed, died intestate in the year 1917. I find from an examination of the proceedings in the cause of Briggs against Briggs, from the evidence in that case, that he died in the year 1918, which, I think, is correct, however, this is immaterial, as to whether he died in 1917 or 1918, and that he left as his heirs and distributees at law his wife, Lilly Briggs, and the following named children: John Briggs, Delphia Alexander, Ada Furguson, William Briggs, Henry Briggs, Edward Briggs, Lonnie Briggs, Sarah Briggs, Ollie Briggs, and Inez Briggs.

NOTE: On character of remainder created by grant or devise to one for life with remainder to his children who may survive him, see note in 25 L. R. A. (N. S.), 888.

It is also admitted that shortly after the death of Judson Briggs, his children brought suit in the Court of Common Pleas to partition said premises, which is the identical land in controversy herein. The summons bear date the 20th day of May, 1918, in which the following named children were plaintiffs, to wit: Johnnie Briggs, Delphia Alexander, Ada Furgerson, William Briggs, and Henry Briggs, the last two being minors below 21 years of age, by O. R. Furgerson, their guardian *ad litem,* plaintiffs, against Edward Briggs, Lonnie Briggs, Sarah Briggs, Ollie Briggs, and Inez Briggs, infants below 14 years of age, defendants. The widow, Lilly Briggs, was not made a party, either as plaintiff or defendant, in said action. The infant defendants answered by their guardian *ad litem,* through James E. Davis, their attorney. On October 14, 1918, Judge W. H. Townsend ordered the premises described in said action sold, and at said sale J. W. Walker became the purchaser, received the Master's deed, and in turn conveyed the same to T. C. Clemmons and took mortgage from the said T. C. Clemmons to cover the majority of the purchase money. It appears in the decree and by affidavits of Mr. Davis, attorney for the plaintiffs and defendants, that since the commencement of said action, and after the filing of *lis pendens,* the plaintiffs, Ada Furgerson and Delphia Alexander, conveyed their interest in the lands described in the complaint to J. W. Walker, and it is ordered that their interest arising from the proceeds of said sale be paid by the Master to the said J. W. Walker.

Sarah Hogg, the grantor in the last named deed, was married to Jonathan H. Briggs previous to the Civil War, and had born unto them the two children named in the trust deed first above mentioned. The husband of Mrs. Briggs went in the Civil War and never returned, afterwards Mrs. Briggs had born unto her the following named children: Elgin, George P., and Donnie. The plaintiffs claim that these second children just named were the off-

spring of the cohabitation together as man and wife of Mrs. Briggs and Mr. George M. Hogg. The defendants claim that the said George M. Hogg did not intermarry with the said Sarah Briggs until after the birth of all of the said children by the said George M. Hogg; thus the issue of illegitimacy is raised.

The next issue between the parties arises under construction of the deed last named, and herein set out in full, of Sarah Hogg to Judson Briggs, and in order to make a decision of the questions in controversy, it is necessary to construe the deed of Sarah Hogg to Judson Briggs.

I have carefully studied the deed of Sarah Hogg to said Judson Briggs, and, applying the rule of law governing in the construction of deeds, I hold that under said deed there were no duties imposed upon the trustee, if there was any such appointment, and, therefore, it would be a dry and passive trust, but I fail to find from said deed that Judson Briggs was ever appointed trustee so far as the deed is concerned, there is no evidence before me otherwise as to any such appointment; therefore, the deed only conveyed to Judson Briggs a life estate, there being no words of inheritance contained in said deed, and no conveyance to the children other than the intimation referred to in said deed by the grantor to the effect that after the death of the said Judson Briggs the said land is to rest in said children; consequently the fee remained in the grantor, Sarah Hogg, and upon the falling in of the life estate such of the heirs and distributees at law of the said grantor, who were *in esse* at the time of the falling in of said life estate, would take the fee to the premises in question.

Under this construction, the next inquiry is: Who were the heirs and distributees of the said Sarah Hogg at the time of the falling of the life estate? Under the Statute of Distribution, it is settled that the children of Judson Briggs would take among themselves the share which their

parent would have been entitled to had such parent survived the intestate.

The next inquiry is: What interest do these children of Judson Briggs take? And in order to ascertain this, it is necessary to conclude whether or not the second set of children by the said Sarah Hogg are entitled to participate in a division of the lands in question, whether legitimate or illegitimate, and if illegitmate whether or not they would be precluded from inheriting as such illegitimates, or whether under the Enabling Act of 1906 (Act February 24, 1906 [25 St. at Large, p. 156]), they would come in and inherit.

Under the Act of 1906, which provides that any illegitimate child whose mother shall die intestate, so far as her property is concerned, shall be an heir at law to such property, the case of *Trout v. Burnett,* 99 S. C., 276; 83 S. E., 684; Ann. Cas. 1916E, 911, construing the Act of 1906, for the first time since its passage, holds that the Acts look forward to the time when the distribution of the intestate's estate is to be made, and holds that the Legislature in using the technical terms, "heirs at law," intended to invest the illegitimate children with the inheritable blood such as other heirs at law possessed; in any event the second set of children would be entitled to inherit as the fee in the premises in question remained in the grantor, Sarah Hogg, the mother of said children, and the life estate did not fall in until the year 1917 or 1918, and at that time the law inquires who are her heirs and distributees at law, and, they being *in esse,* the Enabling Act, under the case of *Trout v. Burnett, supra,* makes the second set of children heirs at law of their mother, and entitled to inherit from her, and I do not see the necessity of passing upon the question of legitimacy or illegitimacy raised by defendants' answer. I, therefore, hold that the second set of children, to wit, Elgin Hogg, now Middleton, G. Price Hogg, Jake Hogg, and the children of Donnie Hogg, afterward Donnie Barber, then Donnie Creech, are entitled to inherit in the premises described in

this action, along with the children of Judson Briggs, deceased.

As to the otner separate defense interposed by the defendants asking for reformation of the deed from Sarah Hogg to Judson Briggs, the deed upon which this suit is predicated, I find no evidence whatever in the case to show or to indicate that Sarah Hogg intended the deed to convey a fee simple estate. The defendants have not offered any testimony whatever to show such intention, neither can I find any such intention from the deed itself. The law is well settled in this State that, where two parties have made an understanding, agreement, or contract, and in the effort to reduce this understanding to writing, an actual mistake was made, by which mistake the intention of the parties with regard to the subject matter was not carried into effect, a Court of Equity will enforce a reformation of the instrument. It will not alter or change the contract or agreement between the parties, but will alter the written instrument so as to make it conform to the original contract, which the parties agreed upon. And it is required that the evidence in such cases shall be full, clear and convincing. I must, therefore, find that as there is no evidence in this case of a previous mutual agreement or understanding between Sarah Hogg and Judson Briggs of conveying a fee simple estate, or any other estate, than is created by the instrument itself, and further as there is no evidence whatever to show that Sarah Hogg intended to pass the fee to Judson Briggs, I cannot, therefore, recommend that this deed be reformed.

I, therefore, conclude as matters of fact: That Sarah have been in full possession of the premises herein described for the years 1919, 1920, and 1921, and that a reasonable rental from said evidence for said premises for the year 1919, taking the lowest valuation of the evidence, would be $390.00, and the lowest value for the year 1920 would be $225.00, there being no evidence fixing the value for 1921, I cannot ascertain the same, making a total of the

rental value for 1919 and 1920 of $615.00, of which the plaintiffs herein are entitled to four-fifths, along with the defendant, Lizzie Davis.

I, therefore, find from the evidence that the defendants Hogg died intestate and left surviving her as her heirs and distributees at law the following named children and grandchildren, who are entitled to participate in the lands described herein, as follows: Elgin Middleton, G. Price Hogg, Jake Hogg, living children, and Rosco Barber, Blanche Harvely, Loachie Sheppard, Everett Creech, Pearlie Delk, and Lizzie Davis, being children of Donnie Greech, a predeceased daughter of the said Sarah Hogg, and that these children are entitled to take the interest to which the said Donnie Creech would have been entitled to had she survived; John Briggs, Delphia Alexander, Ada Furgerson, William Briggs, Henry Briggs, Edward Briggs, Lonnie Briggs, Sarah Briggs, Ollie Briggs, and Inez Briggs, children of Judson Briggs, now deceased, a son of the said Sarah, and that these children are entitled to take their parent's share. Their interest having been sold in the proceeding heretofore referred to, and purchased by J. W. Walker, and conveyed by him to T. C. Clemmons, the said Clemmons is entitled to such interest as the children of the said Judson Briggs would be entitled to herein.

That the plaintiffs herein are entitled to judgment for four-fifths of $615.00, as their proportionate share of the rents for the years 1919 and 1920.

### MATTERS OF LAW

I find that the deed of Sarah Hogg to Judson Briggs, hereinbefore set out, conveyed unto him a life estate only, and that his children took no interest under said deed, and that the fee to said premises remained in the grantor, Sarah Hogg, and upon the falling in of the life estate, vested in her heirs, then *in esse,* and that the plaintiff, Elgin Middleton, is entitled to one-fifth part thereof, G. Price Hogg one-

fifth part thereof, Jake Hogg to one-fifth part thereof, the children of Donnie Creech to one-fifth thereof, and the children of Judson Briggs to one-fifth part. thereof, and that the interest of the children of said Judson Briggs, deceased, by reason of the said partition and conveyance by the Master to J. W. Walker, was conveyed by J. W. Walker to T. C. Clemmons; that T. C. Clemmons is entitled to be vested with said interest, which is recommended.

I further find that the mortgage of T. C. Clemmons to J. W. Walker only covers the interest of the said Briggs children, to wit, one undivided fifth part thereof.

I recommend that the premises in question be divided between the plaintiffs and the defendant, Lizzie Davis, and the defendant, T. C. Clemmons, herein in the following proportions: To the plaintiffs and the defendant, Lizzie Davis, four-fifths of said premises, to the defendant, T. C. Clemmons, one-fifth thereof, and that the plaintiffs have judgment for four-fifths of the rental value, which I find to be six hundred and fifteen dollars, making plaintiffs' proportionate share thereof four hundred and ninety-two ($492.00) dollars, in which Lizzie Davis is entitled to participate according to respective interest.

The Circuit decree is as follows:

This case was marked heard by me at the regular term of the Court of Common Pleas for Barnwell County, but I reserved my decision till I had time to study and consider the law and facts. I was disposed at first simply to affirm the splendid report of Mr. O'Bannon and had Mr. Patterson to prepare a decree to that effect, but a careful study of the deed and the case of *Holder v. Melvin,* 106 S. C., 245; 91 S. E., 97, convinced me that my first impression was wrong and that the deed in question was a trust deed of the nature set out on page 245 of 106 S. C., and page 97 of 91 S. E. I am relieved of much writing and study by three documents: The opinion of Chief Justice Gary in *Holder v. Melvin,* the report of Mr. O'Bannon found in this case, and the opinion

of Mr. Justice Cothran found in the *Dominick-Bank of Prosperity Case,* 116 S. C., 228; 107 S. E., 914. Mr. O'Bannon sets out the facts with such clearness that it is worse than waste of time for me to say anything further, and Chief Justice Gary and Justice Cothran in these two cases so clearly demonstrate the law that nothing further by me need be said. The copy of deed relied on is marked "Exhibit A. C. J. R."

I find that the word "vest" was used in the deed rather that the word "rest," as appears in the Master's report. ' I find the following admissions in the record: "It is admitted that after the death of Judson Briggs, his children brought suit for partition in the Court of Common Pleas, and the cause came to judgment as appears by judgment in Clerk's office, bundle 481 and roll 6. Lands were purchased by J. W. Walker and conveyed by J. W. Walker to T. C. Clemmons. That Clemmons has been in possession since that time."

It is ordered and adjudged that the complaint be, and the same is, dismissed. The deed signed by Sarah Hogg is a trust deed, and grantor·meant to part with the whole estate, and not reserve anything; the Trustee is given power to manage the estate, and is even given a discretion; an active trust was given, and at the death of Briggs the trust was executed, and children took a fee. I reverse the Master in his construction of the deed in question. T. C. Clemmons is the owner of the said land in question, and I sustain the allegations of his answer.

*Messrs. J. O. Patterson, Jr.,* and *Jas. A. Kennedy,* for appellants, cite: *Court should seek intention of parties in construing trust deeds:* 23 S. C., 233; 28 S. C., 129; 35 S. C., 327; 28 A. & E. Enc. L. (2d Ed.), 865–866; 15 S. C., 272; 46 S. C., 538; 3 Pom. Eq. Jur., Sec. 1009. *Necessity for limitation in deed to create fee simple:* 51 S. C., 557; 88 S. C., 298; 32 S. C., 85; 36 S. C., 301; 48 S. C., 346; 77 S. C., 171. *Exception in trust deeds:* 88 S. C., 299; 15 S. ·

C., 284; 46 S. C., 538; 46 S. C., 256; 77 S. C., 171. *Case controlled by:* 77 S. C., 171; 48 S. C., 346; 36 S. C., 301; 32 S. C., 85; 24 S. C., 234; 67 S. C., 454; 4 Kent., Sec. 99; 2 Pom. Eq. Jur. (3d Ed.), Sec. 787; 3 Devlin, Real Prop., Sec 1318; 74 S. C., 42. *Partition between tenants in common compellable:* 1 Civ. Code 1912, Sec. 3522; 20 S. C., 424; 32 S. C., 77.

*Mr. Jas. E. Davis,* for respondents, cites: *Case controlled by:* 106 S. C., 245; 116 S. C., 235; 51 S. C., 555; 106 S. C., 17.

November 16, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The only question in this case is: Is the following deed a trust deed?

"Whereas, having constituted and appointed Judson Briggs trustee of his children, John Briggs and Addie Briggs, and those who may be born after them:

"Now, know all men by these presents, that I, Sarah Hogg (widow), of the State and County aforesaid, in consideration of the natural love and affection, and the further consideration of ten dollars to me in hand paid at and before the sealing of these presents by said Judson Briggs, have granted, bargained, sold and released, unto the said Judson Briggs, Trustee as aforesaid, to and for the following trusts, uses, interest and purposes and no other. That is to say, in trust to the said Judson Briggs, to be managed and controlled by him during his life, and in such a manner as to him shall seem fit and proper, and at his death the said real estate hereinafter described shall descend and be equally divided among and vest in his said children free from and in no way subject to, or liable for, the debt or contracts of the said Judson.

"That is to say, all that tract and parcel of land situated in the County of Barnwell, containing one hundred acres,

more or less, bounded east by lads of W. W. Davis; west by
lands of Eliza Long; north by lands of Stephen Sanders;
south by lands of Charles Still, to be used and controlled by
him to and for the use and purposes, as aforesaid, and I do
hereby bind myself and my heirs, executors and administra-
tors, to warrant and forever defend all and singular the said
premises unto the said Judson Briggs, Trustee, against my-
self and my heirs and all other persons whomsoever, law-
fully claiming or to claim the same or any part thereof.

"Witness my hand and seal this 19th day of July, A. D.
1892.

her
"Sarah  x  Hogg,
mark.

"Witness:

"G. M. Shepheard.

"H. M. Meyers."

Let the report of the Master and the Circuit decree be re-
ported.

I. The appellants claim that the deed conveyed to
Judson Briggs merely a life estate and that at his
death the land reverted to the estate of Sarah Hogg
and is distributable among her heirs.    It is difficult to see
the foundation for such a position.    We know of no rule
by which the remaindermen could be divested of the re-
mainder created by the deed.

II. Appellants claim that, as there was nothing for
the Trustee to do, the Statute executed the use.    If
that be true, the Statute executes the use in the
*cestui que* trust and not in the Trustee.    This deed gives to
Judson Briggs the right to manage and control the property.
There is no rule by which a Court can assume that a bene-
ficial interest was intended to be given to the Trustee.    There
is no word in the deed that intimates such an intention.
The preamble recites it as a fact that the grantor had con-
stituted and appointed Judson Briggs trustee of his children.

The property, therefore, conveyed to Judson Briggs, Trustee, was conveyed to him as trustee for his children.

It is entirely clear that the deed was a trust deed, and words of inheritance are not necessary.

The decree appealed from is affirmed.

Mr. Chief Justice Gary and Messrs. Justices Watts and Marion concur.

Mr. Justice Cothran (concurring) : The appeal in this case involves the construction of a deed executed by Sarah Hogg, formerly Sarah Briggs, to her son, Judson Briggs, dated July 19, 1892.

Preliminary to a consideration of the deed referred to, it may be helpful to understand the somewhat complicated family relations of the parties involved.

In the year 1855, Jonathan H. Briggs and Sarah Briggs (afterwards Hogg), were husband and wife, with two children, Judson and Jonathan H., Jr. The latter child died in infancy, and his interest passes out of the case. Jonathan H. Briggs, Sr., went into the Confederate army and never returned. After the war, his widow, Sarah Briggs, unlawfully cohabited with one George M. Hogg, and bore him four children; she subsequently intermarried with him, and died October 23, 1898. Judson Briggs, her only legitimate child, by Jonathan H. Briggs, died in 1917, leaving a widow and ten children, among them the two mentioned in the deed of July 19, 1892, hereinafter considered.

The previous history of events, leading up to the deed of July 19, 1892, from Sarah Hogg, formerly Sarah Briggs, to Judson Briggs, her son, is as follows: On August 18, 1855, one William Cave conveyed the premises in question to Jonathan H. Briggs as trustee for the sole and separate use, behoof, and benefit of the latter's two sons, Judson Briggs and Jonathan H. Briggs, Jr., and such other children as might be born to him and his wife, Sarah Briggs. They had no other children, and Jonathan H. Briggs, Jr., having died in infancy as stated, Judson Briggs

became the sole beneficiary. After the presumed death of his father (Jonathan H. Briggs) on July 3, 1875, Judson Briggs conveyed the premises to his mother, Sarah Briggs, and on July 19, 1892, Sarah Briggs (then Sarah Hogg), executed the deed which is now under consideration.

The premises of that deed are:

"Whereas, having constituted and appointed Judson Briggs trustee of his children, John Briggs and Addie Briggs, and those who may be born after them."

The granting clause is:

"Have granted * * * unto the said Judson Briggs, Trustee as aforesaid, to and for the following trusts, uses, interest and purposes and no other, that is to say, in trust to the said Judson Briggs, to be managed and controlled by him during his life and in such manner as to him shall seem fit and proper, and at his death the said real estate hereinafter described shall descend and be equally divided among and vest in his said children, free from and in no way subject to, or liable for, the debts or contracts of the said Judson [description] to be used and controlled by him to and for the use and purposes as aforesaid [warranty] unto the said Judson Briggs, Trustee, * * *"

After the death of Judson Briggs in 1917, to wit, in May, 1918, five of his children (eight having been born after the execution of the deed) brought a suit for partition, to which the other five children were made parties, and under it the premises were sold by the Master and purchased by the defendant, J. W. Walker, who complied and received the Master's deed. Subsequently he conveyed the premises to the defendant, T. C. Clemmons, who gave him a mortgage to secure the purchase price.

The present suit was instituted on October 1, 1920, by the plaintiffs, the children of Sarah (Briggs) Hogg, by George M. Hogg, against T. C. Clemmons, grantee of J. W. Walker, the purchaser at Master's sale, J. W. Walker, who claims to hold a mortgage upon the premises, and Lizzie

Davis, an heir at law, who was not made a plaintiff, claiming the land as heirs at law of said Sarah (Briggs) Hogg, and as tenants in common with Clemmons and Lizzie Davis.

The case was referred to the Master, who reported in favor of the claim of the plaintiffs and recommended a sale for partition and distribution. Exceptions were filed by the defendants, Clemmons and Walker, to the Master's report, and the matter came on for trial before Hon. C. J. Ramage, Special Judge, at Barnwell, June term, 1922. On November 25, 1922, Judge Ramage filed a decree reversing the report of the Master and finding that the deed created an active trust in Judson Briggs for his life; that on his death the trust became executed, vesting the fee simple title in the children of Judson Briggs, and dismissing the complaint. From this decree the plaintiffs have appealed, practically upon the single ground that the deed conveyed a life estate to Judson Briggs; that it conveyed nothing to the children of Judson Briggs; and that upon the death of Judson Briggs the land became subject to partition among the heirs at law of Sarah (Briggs) Hogg, who were the four illegitimate children by Geo. M. Hogg, and the children of Judson Briggs.

That a trust was intended to be created by Sarah Hogg sufficiently appears from the preamble of the deed, from the conveyance to Judson Briggs as Trustee, and from the statement of the terms of the trust. Even if the deed does not in terms create a trust, it is sufficient evidence in writing of the creation of the trust. It is not essential that the trust be created in writing under the Statute, Civil Code 1922, § 5453; it is sufficient if it be "manifested and proved" thereby. *Elliott v. Mackorell,* 19 S. C., 238. *Rutledge v. Smith,* 1 McCord, Eq., 119. *Brown v. Brown,* 1 Strob., Eq., 363. *Massey v. McIlwain,* 2 Hill, Eq., 421. *Reid v. Reid,* 12 Rich., Eq., 213. *Price v. Brown,* 4 S. C., 144. *Barrett v. Cochran,* 11 S. C., 29. *Kennedy v. Grambling,* 33 S. C., 367; 11 S. E., 1081; 26 Am. St. Rep., 676.

It is clear that if the deed created an active trust in Judson Briggs, Trustee, one not executed by the Statute, the children took an equitable fee simple estate in remainder, upon the death of Judson Briggs.

In determining the question whether or not the trust is executed by the Statute, it is important to determine first what beneficial interest, if any, Judson Briggs took under the deed. For it is manifest that, if he took a life estate, the provisions that he shall manage, control, and use the property during his life are referable to his enjoyment, personally, of that life estate, and imposed no duties upon him as Trustee, and that, therefore, the Statute executed the trust, vesting in him a life estate, and in the children the remainder in fee. On the other hand, if he took no beneficial interest under the deed, it is equally manifest that he was simply a trustee for the children, with the imposed duties of managing and controlling the property as long as he lived, in which event the trust would be active, and not executed by the Statute.

In the first place the preamble of the deed declares that he had been appointed "trustee of his children," not of himself and the children, and the grant is "to Judson Briggs, Trustee as aforesaid." In order to construe the provisions that follow, in reference to the use, management, and control of the property during his life, as conferring a beneficial interest upon him personally, it should appear that those provisions are inconsistent with the interests of the persons for whom he has been appointed trustee. I do not think that they are. In fact, they are entirely consistent with those interests. The beneficiaries were small children and others expectant; some one in the nature of the case must have been charged with the control and management of the property; and nothing was more natural than that the father should be charged with that duty.

In *Holder v. Melvin,* 106 S. C., 245; 91 S.E., 97, the deed was to James M. Holder in trust for his wife and

children, and to him was given the use, control, and cultivation of the land for the use of his wife and children. The Trustee, of course, had no beneficial interest in the property under that trust. Just so in the case at bar the deed was to Judson Briggs in trust for his children, the use, control and management of the property being committed to him as Trustee "for the uses and purposes as aforesaid," which was the same as if it had been stated "for the use of his children." It follows that Judson Briggs was simply a trustee for his children, charged with the duty of controlling and managing the property as long as he lived, and that the trust was an active one which was not executed by the Statute.

I think it is equally clear that Mrs. Hogg intended to part with her entire interest in the property, and that to carry out that purpose it is essential that the children should take the fee upon the death of the Trustee, although there are no words of inheritance contained in the provision for the remaindermen. The receipt of $10.00 consideration, and the provision. that the property should "vest" in the children, sustained this view under the case of *Holder v. Melvin, supra,* and cases cited therein.

It is not strictly accurate to say that upon the death of Judson Briggs the Statute executed the trust and vested the fee in the children. Rather, that upon the death of Judson Briggs the trust terminated, and the limitation of the deed went into effect:

"At his death the said real estate hereinafter described shall descend and be equally divided among and vest in his said children."

Construing the deed as creating an active trust, not executed by the Statute, the objection of the appellant that the deed lacks the necessary words of inheritance to carry the fee to the children, is plainly untenable. *McMichael v. McMichael,* 51 S. C., 555; 29 S. E., 403. *Bratton v. Massey,* 15 S. C., 284. *Foster v. Glover,* 46 S. C., 538; 24 S. E.,

370. *Hunt v. Nolen,* 46 S. C., 356; 24 S. E., 543. *Fuller v. Missroon,* 35 S. C., 314; 14 S. E., 714. *Rembert v. Evans,* 86 S. C., 445; 68 S. E., 659; *Holder v. Melvin,* 106 S. C., 245; 91 S. E., 97.

In any event, the judgment dismissing the complaint was right upon this, if upon no other, ground: The appellants practically concede that the children of Judson Briggs took life estates under the deed, and, if so, the present proceeding is premature.

A serious question might be presented if it should be held that Judson Briggs took a life estate under the deed with remainder to the children. In that event, there being no duties imposed upon him as Trustee, the Statute would execute the trust, giving to him immediately a legal life estate, and to the children a legal fee in the remainder. Under these circumstances would words of inheritance be necessary to carry the fee to the remaindermen? I have not considered this phase of the case for the reason that, having concluded that the trust was not executed, the question suggested becomes academic.

For these reasons, more in amplification, than otherwise, of the conclusion of Mr. Justice Fraser, I concur in affirming the decree.